United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARMANE SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 18-cv-06459-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915; DISMISSING COMPLAINT WITH PREJUDICE**<br><br>[Re: ECF 14] |

Plaintiff Charmane Smith filed her Complaint in this case on October 22, 2018, alleging that Defendant Google LLC's Advertising enables third parties to engage in a variety of unlawful actions, including (1) electronically intercepting and disclosing communications, (2) tracking and tracing electronic/digital communications and (3) deceptive advertising. ECF 1. On November 16, 2018, Magistrate Judge Susan van Keulen conducted an initial screening of the Complaint under 28 U.S.C. § 1915(e)(2) and held that Plaintiff had failed to allege the following: (1) that the Court had either federal question or diversity jurisdiction over the action; and (2) a viable claim under Federal Rule of Civil Procedure 8(a)(2) against Defendant for either of the two claims Plaintiff had asserted—Consumer Protection Act and products liability violations. *See generally* ECF 6.

On December 3, 2018, Plaintiff filed an amended complaint, abandoning her original claims and asserting instead violations of the Consumer Product Safety Act, 15 U.S.C. § 2072, and the Federal Wiretap Act, 18 U.S.C. § 2520 ("the Wiretap Act"). ECF 7 at 3–4. Judge van Keulen screened the Amended Complaint and held that Plaintiff had failed to state a claim for the two new causes of action. ECF 8. Judge van Keulen specifically informed Plaintiff how she could cure her

complaint: "For both claims, Smith must provide additional allegations, made in good faith, describing the law and the legal basis upon which she seeks relief. Smith must also allege the specific ways in which Google violated the law as well as how those violations caused the harms that she identifies." *Id.* at 4. Judge van Keulen also warned Plaintiff that if Plaintiff "fails to file a second amended complaint or if [her] amended allegations again fail to state a claim, the Court will order that the case be reassigned to a district judge with a recommendation that it be dismissed with prejudice." *Id.* at 6.

On January 7, 2019, Plaintiff filed a second amended complaint, alleging violations of the Electronic Communications Privacy Act and the Wiretap Act.[1] ECF 11. In her Second Amended Complaint, Plaintiff asserted a single sentence in her factual allegations: "Google intercepted wire, oral, and electronic communications by invading the privacy of my phone calls, internet searches, and emails and are alleged to have redirected them unlawfully and/or improperly to unintended end users and/or endpoints." *Id.* at 2. On January 18, 2019, Judge van Keulen again held that Plaintiff had failed to state a claim and had also ignored Judge van Keulen's detailed instructions as to what sort of factual allegations Plaintiff would have to add in order to state a claim under the asserted laws. ECF 13 at 6. Judge van Keulen concluded by saying "[t]he Court has given Smith two opportunities to amend her Complaint, and Smith's inability to provide additional factual allegations to support her claims warrants dismissal of this action." *Id.* She then ordered the case to be reassigned to this Court and recommended dismissal of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915(e)(2). ECF 13 at 1–2. No objections to the report and recommendation have been filed and the deadline to object has lapsed.

The Court finds the report correct, well-reasoned, and thorough, and ADOPTS it in every respect. Plaintiff fails to plead any factual allegations necessary to state a claim for either of the violations she alleges (or any of the violations she had alleged previously). Judge van Keulen previously granted Plaintiff leave to amend twice based on these same deficiencies. Because

---

[1] Judge van Keulen noted that "the Wiretap Act refers to Title I of the Electronic Communications Privacy Act, which amended the Wiretap Act and is codified at 18 U.S.C. §§ 2510 to 2522." ECF 13 at 5 n.1.

Plaintiff failed to cure these deficiencies in her second amended complaint, the Court finds that further amendment would be futile. Accordingly, the action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 11, 2019

_____
BETH LABSON FREEMAN
United States District Judge